UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION – FLINT

IN RE:

STEVEN DOUGHERTY,

        Debtor.
_____/

Case No. 11-33926-dof
Chapter 13
Hon. Daniel S. Opperman

STEVEN DOUGHERTY,

        Plaintiff,

v.

SECURITY CREDIT UNION,

        Defendant.
_____/

Adversary Proceeding
Case No. 19-3002-dof

## OPINION GRANTING DEFENDANT'S MOTION TO DISMISS

Defendant Security Credit Union ("Defendant") filed a Motion to Dismiss and/or for Summary Judgment in Lieu of First Responsive Pleading (the "Motion"), in which Defendant seeks dismissal of, or alternatively summary judgment as to, Plaintiff Steven Dougherty's ("Mr. Dougherty" or the "Debtor") Complaint against Defendant. The Complaint alleges a single count of turnover against Defendant pursuant to 11 U.S.C. § 542(a) relating to funds garnished from the Debtor's wages during the approximately seven months between the latest dismissal and reinstatement of Mr. Dougherty's Chapter 13 bankruptcy case. Defendant argues that the Debtor's wages earned during the gap period between the dismissal and reinstatement of the Debtor's bankruptcy case are not property of the estate, and thus Mr. Dougherty's Complaint for turnover of property of the estate must fail as a matter of law. The Court agrees.

1

## Facts and Procedural History

Mr. Dougherty filed a Chapter 13 bankruptcy on August 19, 2011. During the pendency of Mr. Dougherty's bankruptcy, in relevant part,[1] the case was dismissed on March 28, 2018 for failure to timely complete a case under 11 U.S.C. § 1307(c). The corresponding Notice of Dismissal noted that the automatic stay was lifted accordingly. On August 24, 2018, the Debtor moved to reopen the case so that he could finalize a Permanent Loan Modification Agreement ("Agreement") and complete his Chapter 13 plan. The Chapter 13 Trustee objected, stating that the Debtor's plan was confirmed more than 60 months to the Debtor's Motion. The mortgagee also objected because the Agreement had not been returned to the mortgagee. The parties resolved their differences by a stipulation filed on October 26, 2018 and the case was reopened on October 29, 2018. The purpose of the reopening was to allow the Debtor to finalize his Agreement and complete his plan. None of the pleadings filed with the Court remotely suggested any other relief, especially that sought by the Debtor in this adversary proceeding.

Per the Motion, on April 4, 2018, after the most recent dismissal of the Debtor's bankruptcy case, Defendant issued a writ for periodic garnishment to the Debtor's employer, USF Delta Tooling, LLC (the "Garnishment"). Upon receiving notice that the Debtor's bankruptcy case was reinstated on October 29, 2018, Defendant released the Garnishment. Between the dismissal and the reinstatement of the Debtor's bankruptcy case, Defendant received disbursements from the

---

[1] The bankruptcy case was also (i) dismissed on November 4, 2015 for failure to comply with the terms and conditions set forth in the Order Adjourning the Chapter 13 Trustee's Motion to Dismiss filed on October 9, 2015, and reinstated on December 8, 2015; (ii) dismissed on January 19, 2016 for failure to comply with the terms and conditions set forth in the Order Adjourning Hearing entered on or about December 8, 2015, and reinstated on March 1, 2016; and (iii) dismissed on June 9, 2017 for failure to comply with the terms and conditions set forth in the Order Resolving the Chapter 13 Trustee's Motion to Dismiss filed January 24, 2017, and reinstated on September 1, 2017.

Debtor's earnings in the aggregate amount of $10,218.02 for wages earned from May 12, 2018 through October 26, 2018.

On January 16, 2019, the Debtor filed the instant Adversary Proceeding against Defendant seeking turnover of the garnished funds pursuant to 11 U.S.C. § 542(a). The Debtor contends that "as a result of the reopening of this case the funds seized by Defendant are the property of the estate." Complaint, para. 10. The Debtor therefore contends that the Debtor is entitled to turnover of the garnished funds pursuant to 11 U.S.C. § 542(a).

Defendant filed the Motion on January 21, 2019, arguing that the Complaint should be dismissed for failure to state a claim upon which relief could be granted pursuant to Rule 12(b)(6), or alternatively, that summary judgment should be entered against the Debtor pursuant to Rule 56. Defendant notes that property of the estate consists of, in relevant part, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In the context of a Chapter 13 bankruptcy, in relevant part, property of the estate is expanded to include the earnings of the Debtor after commencement of the case but before the case is dismissed. *See* 11 U.S.C. § 1306(a)(2). Defendant's argument is simple: because the funds it received from the Garnishment related to the Debtor's earnings after his bankruptcy case was dismissed and before it was reinstated, such funds do not constitute property of the estate. Accordingly, the Debtor's claim for turnover of the garnished funds as property of the estate pursuant to 11 U.S.C. § 542(a) must necessarily fail.

The Debtor filed a response to the Motion on January 29, 2019. Despite claiming that there are genuine issues of material fact that would preclude summary judgment, the Debtor fails to raise

any factual issues. Rather, the Debtor contends that he "could reasonably argue" that the reinstatement of the bankruptcy case pursuant to 11 U.S.C. § 350(b) simultaneously reinstated the applicability of 11 U.S.C. § 1327(c), which vests all property of the estate in the Debtor upon confirmation of a plan, free and clear of any interest or claim of any creditor provided for in the plan. *See* 11 U.S.C. § 1327(b) and (c). The Debtor contends that if 11 U.S.C. § 1327(c) was applicable to the garnished funds, the Debtor would be entitled to turnover of such funds. These are clearly issues of law, not fact. Moreover, despite positing that the effect of a reinstatement of a Chapter 13 bankruptcy case is not a clearly resolved area of law, the Debtor failed to cite any authority supporting his response to the Motion.[2]

The Court held a hearing on the Motion on March 6, 2019, after which the Court ordered both parties to submit supplemental briefs. Accordingly, Plaintiff filed a supplemental brief on March 29, 2019; Defendant filed a responsive brief on April 12, 2019; and Plaintiff filed a reply brief on May 3, 2019. The Court has carefully reviewed the parties' respective briefs, and, in light of the previous hearing on this matter, concludes that additional oral argument is unnecessary for the Court to render an Opinion.

**Law**

    A.    **Jurisdiction**

The Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, as well as L.R. 83.50. This is a core proceeding under 28 U.S.C. § 157(b)(2)(E), as the "words 'to turnover property of the estate' in 28 U.S.C. § 157(b)(2)(E) are terms of art in the bankruptcy context meant

---

[2] The Debtor also vaguely argues that "it appears there may be issues related to the validity of the debt that could result in the claim being disallowed…." The validity of Defendant's claim is not at issue in this Adversary Proceeding.

to include proceedings brought pursuant to 11 U.S.C. § 542." *Dayton Title Agency, Inc. v. Pa. Indemnity Ins. Co. (In re Dayton Title Agency)*, 264 B.R. 880, 883 (Bankr. S.D. Ohio 2000) (citation omitted). Therefore, all matters before the Court today fall within this Court's jurisdiction as they emanate from Title 11 of the United States Code.

### B. Motion to Dismiss Standard

Under Federal Rule of Civil Procedure 12(b)(6), made applicable in this adversary proceeding by Federal Rule of Bankruptcy Procedure 7012(b), a party may assert by motion the "failure to state a claim upon which relief can be granted." The United States Supreme Court has held that in order to survive a Rule 12(b)(6) motion to dismiss, the complaint must allege "enough facts to state a claim that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). In so doing, the Supreme Court renounced the previously "'accepted rule that a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'" *Id.* at 561-62 (*quoting Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). As explained by the Supreme Court in *Twombly*, while "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the claim is and the grounds upon which it rests," this "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do[.] . . . Factual allegations must be enough to raise a right to relief above the speculative level," assuming that all of the complaint's allegations are true. *Id.* at 555 (internal quotations and citations omitted). In *Ashcroft v. Iqbal*, 556 U.S. 662, 684 (2009), the Supreme Court confirmed that the *Twombly* standard applies in all federal civil actions and not just in antitrust disputes as was the case in

5

*Twombly*. The Supreme Court also emphasized that the assumption that all of the allegations are true does not apply to legal conclusions: "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (*citing Twombly*, 550 U.S. at 555). Moreover, the Supreme Court noted that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id.* at 679 (*quoting* Fed. R. Civ. P. 8(a)(2)).

In sum, the plausibility standard first set forth by *Twombly* does not require "'detailed factual allegations'" or a showing of probability. *Id.* at 678 (*quoting* Fed. R. Civ. P. 8(a)(2)). However, "'the complaint must contain either direct or inferential allegations respecting all material elements to sustain a recovery under some viable legal theory.'" *Digeronimo Aggregates, LLC v. Zemla*, 763 F.3d 506, 509 (6th Cir. 2014) (*quoting Handy-Clay v. City of Memphis*, 695 F.3d 531, 538 (6th Cir. 2012)). When deciding a Rule 12(b)(6) motion to dismiss, the Court "must 'construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff.'" *Wesley v. Campbell*, 779 F.3d 421, 428 (6th Cir. 2015) (*quoting Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007)). The defendant has the burden of showing that the plaintiff failed to state a plausible claim for relief. *Id.*

### C. Reinstatement of the Case

"In bankruptcy, case closing is a concept distinct from case dismissal." *Geberegeorgis v. Gammarino (In re Geberegeorgis)*, 310 B.R. 61, 65 (B.A.P. 6th Cir. 2004) (*citing Armel Laminates, Inc. v. The Lomas & Nettleton Co. (In re Income Property Builders, Inc.)*, 699 F.2d 693, 695 (9th Cir. 1982)). Courts close bankruptcy cases only "[a]fter an estate is fully

6

administered and the court has discharged the trustee…." *Id.*; 11 U.S.C. § 350(a). In turn, courts may reopen bankruptcy cases "to administer assets, to accord relief to a debtor, or for other cause." *Id.*; 11 U.S.C. § 350(b). Here, the Debtor's bankruptcy case was not closed on March 28, 2018; it was dismissed. Likewise, the case was not reopened on October 29, 2018; the dismissal order was vacated, and the case was reinstated pursuant to Rule 60, applicable hereto pursuant to Federal Rule of Bankruptcy Procedure 9024. *See Geberegeorgis*, 310 B.R. at 66. Section 350 is inapplicable to the instant matter. *Id.*

### D. Turnover of Property of the Estate

"Section 542 empowers the court to compel an entity to deliver to the bankruptcy trustee any 'property that the trustee may use, sell or lease under Section 363 of this title . . ..'" *Richardson v. Huntington Nat'l Bank (In re CyberCo Holdings, Inc.)*, 382 B.R. 118, 143 (Bankr. W.D. Mich. 2008) (*quoting* 11 U.S.C. § 542(a)). "Section 363, in turn, provides that the bankruptcy trustee may use, sell, or lease only 'property of the estate.'" *Id.* (*quoting* 11 U.S.C. § 363(b)(1)). "Consequently, it stands to reason that Section 542 is available as a remedy only when the bankruptcy estate already has an interest in the property sought to be turned over." *Id.*

### E. Property of the Estate

Property of the estate consists of, in relevant part, "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). In the context of a Chapter 13, property of the estate is expanded to include after-acquired property, including wages, subject to certain qualifiers:

> (a)  Property of the estate includes, in addition to the property specified in section 541 of this title-

7

> (1) all property of the kind specified in such section that the debtor acquires after the commencement of the case but before the case is closed, dismissed, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first; and
>
> (2) earnings from services performed by the debtor after the commencement of the case *but before* the case is closed, *dismissed*, or converted to a case under chapter 7, 11, or 12 of this title, whichever occurs first.

11 U.S.C. § 1306(a) (emphasis added).

### 1. Funds Garnished Pre-Petition

A debtor's interest in garnished funds is "terminated with finality" upon the garnishing creditor's pre-petition receipt. *In re Parham*, No. 16-44233, 2017 Bankr. LEXIS 2089, at *4 (Bankr. E.D. Mich. July 26, 2017). Garnished funds received by a creditor pre-petition are not property of the bankruptcy estate. *Id.*

### 2. Impact of the Dismissal and Reinstatement

The First Circuit Court of Appeals has held that "dismissal of a bankruptcy petition ordinarily terminates the estate and the automatic stay." *Massachusetts v. Pappalardo (In re Steenstra)*, 307 B.R. 732, 737 (B.A.P. 1st Cir. 2004) (*citing Martir Lugo v. de Jesus Saez (In re de Jesus Saez)*, 721 F.2d 848, 851 (1st Cir. 1993)). "This proposition is supported by § 362(c)(1), which provides that the stay of an act against property of the estate … continues until such property is no longer property of the estate." *In re Steenstra*, 307 B.R. at 738 (citations and quotation marks omitted). Moreover, since dismissal of a bankruptcy petition revests property of the bankruptcy estate in the party that owned it prior to the filing of the bankruptcy petition, there is no longer a bankruptcy estate after a petition has been dismissed. *Id.*; 11 U.S.C. § 349(b)(3). It is self-evident that there is no "estate," and therefore no "property of the estate," unless there is an existing

8

bankruptcy petition. *Id*. (citation omitted). The "dismissal of a bankruptcy petition has the simultaneous effect of undoing the bankruptcy estate and lifting the automatic stay, just as the filing of a petition creates the bankruptcy estate and imposes the automatic stay." *Id*. (*quoting In re Garnett*, 303 B.R. 274, 278 (E.D.N.Y. 2003) (internal quotation marks omitted)). "The purpose behind § 349(b) is to undo the bankruptcy case, as far as practicable, and to restore property rights to the position in which they were found at the commencement of the case." *In re Murphy*, 493 B.R. 576, 581 (Bankr. D. Colo. 2013); s*ee also Lomagno v. Salomon Bros. Realty Corp. (In re Lomagno)*, 320 B.R 473, 478 (B.A.P. 1st Cir. 2005) (dismissal of a bankruptcy petition terminates the bankruptcy estate); *SEC v. Great White Marine & Rec., Inc.*, 428 F.3d 553, 556 (5th Cir. 2005) (same); *Crawford v. Franklin Credit Mgmt.*, 758 F.3d 473, 485 (2nd Cir. 2014) (same); *In re Searcy*, 313 B.R. 439, 442-43 (Bankr. W.D. Ark. 2004) (same); *In re Leroy*, No. 05-41993, 2007 Bankr. LEXIS 25, at *8 (Bankr. D. Kan. Jan. 8, 2007) (same); *In re Bateson*, 551 B.R. 807, 813 (Bankr. E.D. Mich. 2016) (Congress' intention in § 349(b) is to basically unwind the entire case as if it never happened).

The Debtor did not cite, nor could the Court find, any authority holding that reinstating a bankruptcy case has a retroactive impact on what is deemed property of the estate. Likewise, the Debtor did not cite, nor could the Court find, any authority holding a debtor's wages earned between the dismissal and reinstatement of a bankruptcy estate, which were garnished by a creditor in such gap period, are subject to turnover pursuant to 11 U.S.C. § 542. Any such authority would be contrary to 11 U.S.C. § 1306(a)(2), which specifically excludes wages earned after dismissal of a bankruptcy case from property of the estate.

In similar circumstances, such as when a debtor's house is foreclosed upon between the dismissal and reinstatement of their bankruptcy case, the issue in most jurisprudence is whether the creditor's actions were in violation of the automatic stay. Such cases universally hold, with a due process exception inapplicable here,[3] that the automatic stay terminates upon dismissal of the bankruptcy case and cannot be retroactively reinstated upon reinstatement of the case. A retroactive reinstatement of the automatic stay would in fact be "squarely at odds with the plain language of 11 U.S.C. § 362(c)(2) and Congress' intent that the parties be returned to the status quo ante." *In re Lomagno*, 320 B.R at 479-80 (*citing Nicholson v. Nagel (In re Nagel)*, 245 B.R. 657 (D. Ariz. 1999)). *See also In re Hill*, 305 B.R. 100, 104-06 (Bankr. M.D. Fla. 2003) (citing numerous cases holding same); *Searcy*, 313 B.R. at 442-43. Debtors are not without the ability to protect themselves from repossessions, garnishments, or foreclosures in the gap period between dismissal and reinstatement of their bankruptcy case; they can seek expedited relief on their motion to reinstate, or they can file an adversary proceeding requesting a temporary restraining order preventing creditor execution while a motion to reinstate is pending. *Searcy*, 313 B.R. at 443 (citations omitted).

F.     **Confirmation Order**

"Courts have held that dismissal of a Chapter 13 case vacates the confirmation order." *In re Demery*, 570 B.R. 220, 226 (Bankr. W.D. La. 2017) (citations omitted). As explained in *Demery*:

---

[3] *See Moore v. Branch Banking & Trust*, No. 05-01908, 2006 Bankr. LEXIS 4164, at *23 (Bankr. D. Md. Dec. 29, 2006) (*citing In re Acosta*, 181 B.R. 477 (Bankr. D. Ariz. 1995)) ("[R]einstatement of a dismissed bankruptcy case does not affect the validity of a creditor's actions taken during the period in which the case was dismissed, *unless there was a violation of due process rights."*) (emphasis in original)).

> Although courts may quibble over whether dismissal vacates an order confirming a Chapter 13 plan, almost all courts would hold that a Chapter 13 plan is no longer enforceable after a case is dismissed. A dismissal undoes the bankruptcy case as far as is practicable, and restores the debtor's property rights to the position that they were in at the time the case was filed. The dismissal of a Chapter 13 case requires disregarding the associated plan.

*Id.* (citations omitted); *see also Williams v. Marshall*, 526 B.R. 695, 698 (N.D. Ill. 2014) (same); *Cohen v. Tran (In re Tran)*, 309 B.R. 330, 334 (B.A.P. 9th Cir. 2004) (dismissal effectively vacates a chapter 13 plan confirmation order); *Chase v. CitiMortgage, Inc.*, 578 B.R. 43, 54 (Bankr. D. Mass. 2017) ("[P]arties are no longer bound by a confirmed plan once a case is dismissed as a Chapter 13 plan is no longer enforceable after dismissal."); *In re Hamilton*, 493 B.R. 31, 41 (M.D. Tenn. 2013) ("While § 349(b) does not expressly provide that confirmation of the Chapter 13 plan is vacated by dismissal, courts have reasonably concluded that dismissal has that effect."); *In re Parker*, 400 B.R. 55 (Bankr. E.D. Pa. 2009) ("[D]ismissal renders the former debtor no longer obligated to tender plan payments, and frees her creditors and the bankruptcy trustee from any compliance with the terms of the confirmed plan.").

## Analysis

11 U.S.C. § 1306(a)(2) specifically states that in a Chapter 13 bankruptcy, a debtor's post-petition wages are property of the estate from filing through dismissal. Wages earned after a dismissal are specifically excluded form property of the estate. Upon dismissal, pursuant to 11 U.S.C. § 349(b), all estate property reverts back to whoever owned the property at the time the bankruptcy was filed. Moreover, dismissal of a bankruptcy terminates the bankruptcy estate and the automatic stay. *See, e.g., Steenstra*, 307 B.R. at 737. Additionally, confirmation orders are

11

not enforceable after a case is dismissed. *See, e.g., In re Demery*, 570 B.R. at 226. As such, during the period between dismissal and reinstatement of a bankruptcy case, creditors are free to proceed as if a bankruptcy case had not been filed. In this matter, that is exactly what happened, as the Debtor's wages were garnished in the gap period between the dismissal and reinstatement of his bankruptcy case. Debtor now seeks turnover of such funds as "property of the estate" pursuant to 11 U.S.C. § 542.

The wages were not property of the estate when they were garnished in the gap period. When the case was reinstated, the Debtor had no interest in the garnished funds that had already been received by the garnishing creditor. *See In re Parham*, No. 16-44233, 2017 Bankr. LEXIS at *4. As such, the garnished wages have never been property of the bankruptcy estate, and 11 U.S.C. § 542 is therefore inapplicable. The Debtor has failed to cite, nor could the Court find, any authority to the contrary. The Debtor has therefore failed to state a claim upon which relief can be granted so the Court grants Defendant's Motion to Dismiss.

## **Conclusion**

Wages earned between the dismissal and reinstatement of a Chapter 13 bankruptcy are not property of the estate, and any confirmation order is vacated during such gap period. Accordingly, there is no legal basis to recover wages garnished in such gap period pursuant to 11 U.S.C. § 542, and Defendant's Motion to Dismiss is therefore granted.

Counsel for Defendant is directed to prepare and submit an appropriate order consistent with this Opinion and the entry of order procedures of this Court.

**Not for Publication**

**Signed on June 17, 2019**

/s/ Daniel S. Opperman
Daniel S. Opperman
United States Bankruptcy Judge